**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

| | | |
|---|---|---|
| JANE R. WILSON, Plaintiff | ) | Civil Action No.: 3:06cv541/MCR/EMT |
| v. | ) | |
| DAVOL INC., a Rhode Island corporation; C. R. BARD, INC., a New Jersey corporation, Defendants. | ) | |

**NOTICE OF REMOVAL**

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by its undersigned counsel, hereby removes the above-captioned matter from the Circuit Court in and for Escambia County, Florida, to the United States District Court for the Northern District of Florida, Pensacola Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Defendants respectfully state:

1. Plaintiff filed this action in the Circuit Court in and for Escambia County, Florida, on or about October 9, 2006. Defendants were served on November 13, 2006.

2. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

06 DEC -4 PM 3:47



FILED

## I. Defendants Have Satisfied the Procedural Requirements for Removal

3. Removal is timely. Defendants were served with a copy of the Complaint on November 13, 2006. *See* Att. A (copy of all process, pleadings, and orders served upon, including the summons and complaint). This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4. Venue is proper. The Circuit Court in and for Escambia County, Florida is located within the Northern District of Florida, Pensacola Division, and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 89(a) because it is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

5. No further proceedings have been had in the state court action.

6. No previous application has been made for the relief requested herein.

7. A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Circuit Court in and for Escambia County, Florida and served on Plaintiff.

## II. Removal is Proper in This Case

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

### A. Complete diversity exists between Plaintiff and Defendants.

9. The Complaint states that the Plaintiff is a resident of 6220 Heart Pine Circle, Pensacola, Escambia County, Florida.

10. Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the States of Rhode Island and New Jersey respectively with their principal places of business in those respective states as well. For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Florida.

**B. The amount in controversy requirement is satisfied.**

11. Plaintiff, in this medical device product liability action, alleges that defendants are liable in strict liability and negligence. In making these allegations, Plaintiff fails to specify in her Complaint the amount she seeks in compensation. However, it is facially apparent from her Complaint that the jurisdictional amount in controversy is satisfied. *See, e.g., Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) ("When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement."). Here, she seeks "compensatory damages, costs, and any further relief to which she may be entitled" for "bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of previously existing conditions." These types of claims have been deemed sufficient by

other federal courts in satisfying the amount in controversy prong to 28 U.S.C. § 1332. *See, e.g., In re Silica Products Liability Litigation*, 398 F. Supp. 2d 563, 646 (S.D. Tex. 2005).

WHEREFORE, Defendants respectfully remove this action from the Circuit Court in and for Escambia County, Florida to this Court pursuant to 28 U.S.C. § 1441.

Date: December 4, 2006

Respectfully submitted,

John M. Kvartek (FBN 044563
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200 (phone)
(850) 432-7340 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800 (phone)
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to Jane R. Wilson, *pro se,* 6220 Heart Pine Circle, Pensacola, Florida 32504 this 4th day of December, 2006.

John M. Kvartek

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

JANE R WILSON
**Plaintiff(s),**

**VS.**

**Case No.** 2006 CA 001350
**Division:** A

DAVOL INC , et al.
**Defendant(s).**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant C R BARD INC .

Each defendant is required to serve written defenses to said complaint on plaintiff JANE R WILSON , whose address is 6220 HEART PINE CIRCLE PENSACOLA FLORIDA 32504 , within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

WITNESS my hand and the seal of this Court on October 9, 2006.

(seal) CLERK OF CIRCUIT COURT • ESCAMBIA COUNTY, FLORIDA

ERNIE LEE MAGAHA, Clerk
Circuit & County Courts

By: Martha Mirabella
Deputy Clerk

Dkt ID: "00002848510" / Dkt CD: CA1090 / Case: 2006 CA 001350

Attachment "A"

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT,
IN AND FOR ESCAMBIA COUNTY, FLORIDA**

JANE R WILSON
**Plaintiff(s),**

VS.

**Case No.** 2006 CA 001350
**Division:** A

DAVOL INC , et al.
**Defendant(s).**

**SUMMONS**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint in the above styled cause upon the defendant C R BARD INC .

Each defendant is required to serve written defenses to said complaint on plaintiff JANE R WILSON , whose address is 6220 HEART PINE CIRCLE PENSACOLA FLORIDA 32504 , within 20 days after service of this summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of this Court either before service on plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the complaint.

WITNESS my hand and the seal of this Court on October 9, 2006.




ERNIE LEE MAGAHA, Clerk
Circuit & County Courts

By: Martha Mirabella
Deputy Clerk

IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA

JANE R. WILSON,

Plaintiff,

v.

Case No.: 2006 CA 001350
Division: A

DAVOL, INC., and
C.R. BARD, INC.,

Defendants.

______________________________/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Jane R. Wilson, and hereby files this Initial Complaint against defendants, Davol, Inc., and C.R. Bard, Inc., and alleges:

### *I. Jurisdiction and Venue*

1. This is an action for damages in excess of $15,000 and is within the jurisdiction of this Court by virtue of the amount of controversy.

2. This Court has jurisdiction over Davol, Inc. (hereinafter "Davol") because it regularly places its products for sale in the stream of commerce, which includes Escambia County, Florida.

3. This Court has jurisdiction over C.R. Bard, Inc. (hereinafter "C.R. Bard") because it regularly places its products for sale in the stream of commerce, which includes Escambia County, Florida.

4. Venue is appropriate in this Court because defendants intentionally availed themselves of the opportunity to do business in Escambia County, Florida, as well as the fact that all causes of action accrued in Escambia County, Florida.

### *II. Parties*

5. Plaintiff is a female citizen of the United States and a resident of Pensacola, Escambia County, Florida.

6. Davol is a corporation which deals in and with hospital supplies and surgical products, and it regularly places such supplies and products in the stream of commerce for sale and use throughout the State of Florida, including Escambia County, Florida.

7. C.R. Bard is a corporation which deals in and with hospital supplies and surgical products, and it regularly places such supplies and products in the stream of commerce for sale and use throughout the State of Florida, including Escambia County, Florida.

### *III. Factual Allegations*

8. On or about July 22, 2002 plaintiff underwent surgery for the repair of a hernia in Escambia County, Florida.

9. During that surgery, a Bard Composix Kugel Mesh Patch (hereinafter "the Patch") was inserted in plaintiff. The Patch was designed, assembled, manufactured, and/or distributed by defendants.

10. The Patch has since failed and/or broken, causing damage to plaintiff.

11. The Patch was defective in that it failed to contain proper safeguards to prevent reasonably foreseeable injuries.

12. Defendants knew or should have known that the Patch was defective in that it failed to contain proper safeguards and thus could cause severe personal injury and/or death to individuals such as plaintiff.

13. Furthermore, it was reasonably foreseeable that individuals such as plaintiff would be unaware that the Patch failed to contain proper safety precautions to prevent personal injury.

***IV. Count I -- Product Liability/Negligence***

14. Plaintiff realleges and incorporates herein paragraphs 1 through 13, above.

15. The Patch was used for its intended and foreseeable purpose at the time plaintiff was injured.

16. Defendants owed a legal duty to plaintiff to protect her from an unreasonable risk of harm, which they knew about, or through the exercise of reasonable diligence, should have known about. Stated differently, the defendants had a duty to protect plaintiff against reasonably foreseeable dangers which a prudent person would anticipate are likely to result from their acts or omissions.

17. Defendants failed to satisfy their duty in the instant case when they designed, assembled, manufactured, and/or distributed the Patch in a condition which they knew, or should have known, was likely and reasonably foreseeable to cause personal injury to individuals such as plaintiff.

18. Defendants' negligence was the legal and proximate cause of injury to plaintiff.

19. As a direct, foreseeable and proximate result of defendants' negligence, plaintiff has suffered, and/or will suffer in the future, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of previously existing

conditions. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands compensatory damages, costs, and any further relief to which she may be entitled.

### *V. Count II -- Strict Liability*

20. Plaintiff realleges and incorporates herein paragraphs 1 through 13, above.

21. At all relevant times to this cause of action, defendants were in the business of designing, manufacturing, assembling, and distributing the Patch which is the subject of this lawsuit.

22. When the Patch was inserted in plaintiff, it was in a defective condition and unreasonably dangerous to its users/hosts in that it failed to contain adequate safeguards to protect the users/hosts of the Patch from serious personal injuries while being used for its intended and foreseeable purpose. Particularly dangerous was the propensity of the Patch to break and/or its ring welds to fail.

23. The Patch was an inherently dangerous product in that insufficient safeguards were employed to ensure that users could have it without risking serious personal injury.

24. The injuries of plaintiff were a direct result of the dangerous design and condition of the Patch.

25. Said defective and unreasonably safe condition of the Patch existed at the time it was delivered and was without a material change in its condition.

26. As a direct, foreseeable, and proximate result of defendants' design, assembly, manufacture, and distribution of the unreasonably dangerous Patch, plaintiff

has suffered, and/or will suffer in the future, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and/or aggravation of previously existing conditions. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands compensatory damages, costs, and any further relief to which she may be entitled.

### *VI. Count III -- Negligent Failure to Warn*

27. Plaintiff realleges and incorporates herein paragraphs 1 through 13, above.

28. On or about July 22, 2002, the Patch, which is the subject of this lawsuit, was in a dangerous condition in that it was unfit for use in a foreseeable manner without subjecting its users/host to an unreasonable risk of injury or death, which fact was known or should have been known to defendants by the exercise of reasonable care.

29. Defendants owed plaintiff a duty of care to warn her of the dangerous condition of the Patch, or to take adequate steps to remedy the dangerous condition.

30. Defendants breached their duty of care by negligently failing to either warn plaintiff of the danger or by taking adequate steps to remedy the danger.

31. Defendants' failure to warn plaintiff of the dangerous condition of the Patch was the legal cause of injury to plaintiff. Plaintiff has suffered, and/or will suffer in the future, bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money

and/or aggravation of previously existing conditions. The losses are either permanent or continuing and plaintiff will suffer the losses in the future.

WHEREFORE, plaintiff demands compensatory damages, costs, and any further relief to which she may be entitled.

***Plaintiff demands a jury trial on all issues contained in this Initial Complaint which are so triable.***

Respectfully submitted,

Jane R. Wilson

Jane R. Wilson, *pro se*
6220 Heart Pine Circle
Pensacola, Florida 32504
850-478-8413

**IN THE CIRCUIT COURT IN AND FOR ESCAMBIA COUNTY, FLORIDA**

| | | |
|---|---|---|
| JANE R. WILSON, <br><br> Plaintiff <br><br> v. <br><br> DAVOL INC., a Rhode Island corporation; <br> C. R. BARD, INC., a New Jersey corporation, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.: 2006 CA 001350 |

**NOTICE OF REMOVAL**

**TO:** Jane R. Wilson, *pro se*
6220 Heart Pine Circle
Pensacola, Florida 32504

PLEASE TAKE NOTICE that this action has been removed to the United States District Court for the Northern District of Florida, Pensacola Division ("District Court") by the filing of the attached Notice of Removal with the Clerk of the District Court on December 4, 2006. A copy of this notice is on file with the District Court. The Circuit Court in and for Escambia County, Florida may proceed no further unless or until this case is remanded.

Date: December 4, 2006

Respectfully submitted,

[signature]

John M. Kvartek (FBN 044563)
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200 (phone)
(850) 432-7340 (fax)



Attachment "B"

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to Jane R. Wilson, *pro se,* 6220 Heart Pine Circle, Pensacola, Florida 32504 this 4th day of December, 2006.

John M. Kvartek