**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PENSACOLA DIVISION**

| | | |
|---|---|---|
| JANE R. WILSON,<br><br>Plaintiff<br><br>v.<br><br>DAVOL INC., a Rhode Island corporation;<br>C. R. BARD, INC., a New Jersey corporation,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: 3:06cv541/MCR/EMT |

**ANSWER AND AFFIRMATIVE DEFENSES OF C.R. BARD, INC. AND DAVOL INC.**

Defendants C.R. Bard, Inc. and Davol Inc. ("Bard"), by and through its counsel, files this answer to plaintiff's Complaint (the "Complaint") as follows:

***I. JURISDICTION AND VENUE***

1. Bard admits the amount in controversy exceeds $15,000.00 and further states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

2. Davol states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and that is does not contest the jurisdiction of this Court.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
PENSACOLA, FLA.

06 DEC -4 PM 3:47

FILED

3. Bard states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and that it does not contest the jurisdiction of this Court.

4. Bard states that this controversy has been properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and that it does not contest the jurisdiction of this Court.

## *II. PARTIES*

5. Bard lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies the same.

6. Davol admits that it is a subsidiary of Bard with its principal place of business at 100 Sockanosset Crossroad, P.O. Box 8500, Cranston, Rhode Island 02920. Davol further admits that at various times it produced, sold, and distributed various hernia repair products, including the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information within the United States, including the State of Florida.

7. Bard admits that it is a New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard further admits that Davol, a subsidiary of Bard, at various times manufactured and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information within the United States, including the State of Florida.

### *III. Factual Allegations*

8. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

9. Bard admits that Davol, a subsidiary of Bard, at various times designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. Bard further states that it does not know what is meant by "assembled" beyond the meaning of "manufactured," which has been admitted. As to the remaining allegations, Bard lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

10. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

11. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

12. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

13. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

### *IV. COUNT I – Product Liability/Negligence*

14. In response to Paragraph 14 of the Complaint, Bard incorporates by reference its responses to the allegations in all preceding paragraphs of the Complaint.

15. Bard lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Bard therefore denies those allegations.

16. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

17. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

18. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

19. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

***V. COUNT II – Strict Liability***

20. In response to Paragraph 20 of the Complaint, Bard incorporates by reference its responses to the allegations in Paragraphs 1 through 13 of the Complaint.

21. Bard admits that Davol, a subsidiary of Bard, at various times designed, manufactured, and distributed the Composix® Kugel® Hernia Patch for use in accordance with its accompanying labeling information. As to the remaining allegations, Bard does not know what is meant by "assembled" beyond the meaning of "manufactured," which has been admitted.

22. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

23. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

24. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

25. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

26. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

### *VI. COUNT III – Negligent Failure to Warn*

27. In response to Paragraph 27 of the Complaint, Bard incorporates by reference its responses to the allegations in Paragraphs 1 through 13 of the Complaint.

28. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

29. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

30. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

31. Bard states the allegations of this paragraph are conclusions of law and no answer is required. To the extent an answer is required, Bard denies those allegations.

## SEPARATE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Bard upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment K, bar plaintiff's claims against Bard in whole or in part.

3. The doctrine(s) contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar plaintiff's claims against Bard in whole or in part.

4. Applicable statutes of limitations and the doctrine of laches bar plaintiff's claims in whole or in part.

5. Plaintiff's, or her agents', including her physicians, misuse or abnormal use of the product or failure to follow instructions bar the plaintiff's claims in whole or in part.

6. If plaintiff used a product sold by Bard, then plaintiff's claims are barred, in whole or in part, because plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

7. Any alleged negligent or culpable conduct of Bard, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiff's alleged injuries.

8. If plaintiff used a product sold by Bard, plaintiff used the product for "off-label" purposes, which bars the plaintiff's claims.

9. The "learned intermediary" doctrine bars plaintiff's claims.

10. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

11. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

12. Plaintiff's claims are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of the Composix® Kugel® Hernia Patch.

13. Plaintiff's claims are barred, in whole or in part, because plaintiff's injuries, if any, were the result of conduct of plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to plaintiff's pre-existing medical conditions.

14. If plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Bard is neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Bard. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of plaintiff's alleged injury or damages.

15. Plaintiff's claims are barred, in whole or in part, because plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of plaintiff's own idiosyncratic reactions.

16. Plaintiff failed to mitigate, which limits plaintiff's damages, if any, in whole or in part.

17. Plaintiff's causes of action are barred in whole or in part by plaintiff's own contributory/comparative negligence.

18. Any potential award for plaintiff's damages or injuries, none being admitted, is reduced, in whole or part, by the tortious conduct of others not a party to this lawsuit.

19. Plaintiff's recovery, if any, shall be reduced by those payments that plaintiff received from collateral sources.

20. If plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Bard product.

21. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Bard, there was no defect in said product that either caused or contributed to any injuries or damages that plaintiff may have suffered, if any.

22. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because such an award would violate Bard's due process, equal protection and other rights under the United States Constitution, the Florida Constitution, and any other applicable law.

23. To the extent plaintiff's Complaint seeks punitive damages, such claims are barred because plaintiff has failed to allege conduct warranting the imposition of punitive damages under Fla. Stat. § 768.72 (2004) and/or other applicable laws.

24. To the extent plaintiff's Complaint seeks punitive damages, plaintiff is limited in the amount, if any, she may recover for punitive damages under Fla. Stat. § 768.73 (2004).

25. To the extent plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

26. Bard hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendants C.R. Bard, Inc. and Davol Inc. demand judgment in their favor and against plaintiff, dismissing plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Date: December 4, 2006

Respectfully submitted,

John M. Kvartek (FBN 044563)
Clark, Partington, Hart, Larry, Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana Street
Pensacola, Florida 32502
(850) 434-9200 (phone)
(850) 432-7340 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished by First Class U.S. Mail to Jane R. Wilson, *pro se*, 6220 Heart Pine Circle, Pensacola, Florida 32504 this 4th day of December, 2006.

John M. Kvartek