**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| JANE R. WILSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No.: 3:06cv541/MCR/EMT |
| v. | ) | |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | |
| C. R. BARD, INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT RULE 26(f) REPORT**

Having conferred in a timely fashion concerning the matters governed by Fed. R. Civ. P. 26(f), the parties now jointly submit this report to the Court. Where parties have divergent proposals, the differing language is italicized.

**Nature of the Case:**

This is a complex products liability case in which the plaintiff alleges that she was injured due to the defendant's hernia repair device, the Composix® Kugel® Patch, which was implanted into her on July 22, 2002.

**Magistrate Judge Jurisdiction:**

Parties have conferred regarding their willingness, or lack thereof, to consent to magistrate judge jurisdiction.

**Statement Regarding Initial Disclosures:**

There are no objections to the initial disclosures required under Fed. R. Civ. P. 26(a)(1), and no need to amend the form of the party's disclosures under Fed. R. Civ. P. 26(a)(1). Counsel

agree that the initial disclosure requirements of Fed. R. Civ. P. 26(a)(1) should be made simultaneously on March 15, 2007.

**Statement Regarding Limitations on Discovery:**

At this time the parties do not feel that limitations or other variances from the rules are needed regarding written discovery and depositions.

**Subjects on Which Discovery May be Needed:**

In addition to the usual issues in a personal injury case (liability and damages), the parties identify the following issues on which they expect that discovery is needed:

**a. General and Specific Causation**

Whether the Composix Kugel Hernia Patch manufactured by defendants and allegedly implanted into the plaintiff, can cause the type of injury that she claims it did, and whether it did in fact cause those injuries in her, particularly in the light of her medical history and possible alternative causes of her injuries.

**b. Relevance of Recall**

Whether and to what extent documents relating to Davol's recall of Composix® Kugel® Patches due to possible memory recoil ring breaks is relevant in this case.

**Paper and Electronic Discovery:**

**1) Need for Electronic Discovery**

Plaintiff anticipates seeking discovery from electronic media. The parties will confer concerning the appropriate scope of such discovery when the plaintiff discloses what electronic information she seeks informally or by submission of formal written discovery requests.

**2) Preservation of Electronically Stored Discovery**

Defendants shall comply with their obligations under the law to take reasonable steps to preserve electronically-stored documents and data which are reasonably accessible in terms of burden and cost. This provision shall not alter defendant's legal obligations under the applicable rules and case law.

Defendants have identified employees whom they believe are reasonably likely to have information responsive to the anticipated discovery requests and have directed them to hold and not to delete documents. Defendants have obtained electronic documents from such employees or are in the process of doing so, including electronic documents on both local and shared drives. Defendants have also obtained, or are in the process of obtaining, electronic departmental and other central files likely to contain documents or data responsive to anticipated discovery requests. Although Defendants object to the ongoing preservation and production of any documents other than those related to issues of medical causation as irrelevant to any issue in this case and as unduly burdensome, Defendants have taken steps and will take steps to preserve by electronically copying documents likely to be responsive to discovery requests on a periodic basis.

Because they are not reasonably accessible in terms of burden and costs, Defendants object to preservation of electronic data as follows, and will, if necessary, brief the issue upon the filing by plaintiffs of a motion to compel production:

(i) Documents requiring forensic-recovery methods or for which applications other than those used to create material in the ordinary course of business must be employed to confirm whether responsive material exists;

(ii) "Documents" constituting electronic voice communications (or recordings thereof);

(iii) Any interpretation of preservation requiring that the ordinary functioning of computers, databases, and similar systems must be suspended, including the routine and automatic alteration of database information, metadata, and the like;

(iv) Searching of disaster-recovery media and other media and sources that are not reasonably accessible;

(v) "Documents" constituting deleted, shadowed, echoed, fragmented, or residual data or file attributes, properties, and metadata;

(vi) Electronic data in the possession of entities other than C.R. Bard, Inc. or Davol, Inc.

Plaintiff reserves the right to request that Defendants take further action to preserve and/or gather responsive information once production of information through written and oral discovery from Defendants begins.

**3) Form of Document Production**

Defendants will produce any documents retrieved from electronic media in a TIFF format with accompanying files containing full-text information extracted from the native format. Where redaction is required in the document being produced, a full-text OCR file generated from the redacted image will be provided in lieu of extracted text.

Defendants have represented to the plaintiff that no objective coding of documents will be done for their own use. If Defendants amend this position and begin coding the produced documents for their own use, Defendants will produce the following fields of objective coding data for documents that have been or will be produced: Date; Type (e.g. email, word-processing document, spreadsheet, memorandum, case study, medical literature, lab test, FDA submission); Title; Author; Recipient(s); CC(s); Beginning and End document (Bates numbers). Defendants

may review and, where necessary, revise and redact said coding if it contains privileged or work product information. Again, Defendants are under no obligation to produce coding for documents which they are not coding for their own use. Should defendants choose to have documents objectively coded, they will identify, by Bates number, those documents which have been produced but which defendants have elected not to code.

**4) Schedule for Production of Documents**

To date, Bard has identified over 500,000 pages of potentially responsive documents and anticipates that it will be able to complete its production of documents, including electronic documents, by early August, 2007. After entry of an agreed to protective order, production of the potentially responsive documents, which are production ready, will be made to the plaintiff on a rolling basis with Defendants agreeing to turn over any previously unproduced documents by the 15th of each month until such time as all responsive documents have been produced. On June 1, 2007, Defendants shall provide a privilege log for all documents produced prior to June 1, 2007. Defendants shall provide a privilege log for the remaining production at the end of production.

**Depositions:**

**1) Number of Depositions of Current and Former Defendant Employees.**

**{Plaintiff's Proposal}:** ***Defendants shall make available for deposition all present employees requested by Plaintiff, subject to the Defendants' right to object to the taking of any particular employee's deposition for good cause shown. Defendants shall take reasonable steps to make available requested former employees, to the extent possible. If Defendants are unable, despite their best good faith efforts, to produce a former employee, then Defendants shall provide the former employee's last known address and shall cooperate in any effort to***

***obtain this Court's or another court's assistance to compel the former employee's attendance at the deposition.***

Excluding Rule 30(b)(6) depositions, Plaintiff shall be limited at this time to ***twenty (20)*** depositions of defendants' present and former employees and third-party witnesses. In addition, plaintiff may notice up to five (5) depositions pursuant to Federal Rules of Civil Procedure 30(b)(6), regardless of the number of deponents produced by the Defendants in response to each such deposition notice, ***provided that the particular matters identified in the notice on which examination is requested do not duplicate any matters identified in connection with a prior Rule 30(b)(6) deposition.***

The party wishing to take the Rule 30(b)(6) deposition will in good faith describe with reasonable particularity the categories for which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if the party to be deposed believes that multiple witnesses will be necessary to respond to the requested categories of information and ***for which category each witness will be produced to respond.***

Absent agreement by the Defendants, Plaintiff may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of individuals sought to be deposed. The Court should expect the parties to utilize their best efforts to resolve these matters. However, in the event that the parties are unable to resolve them, the Court will be requested to expeditiously handle such requests to expedite discovery.

**{Defendants' Proposal}:** Excluding Rule 30(b)(6) depositions, Plaintiff shall be limited at this time to ***six (6)*** depositions of defendants' present and former employees and third-party witnesses. In addition, plaintiff may notice up to five (5) depositions pursuant to Federal Rules of

Civil Procedure 30(b)(6), regardless of the number of deponents produced by the Defendants in response to each such deposition notice, ***provided that the 30(b)(6) designations are reasonably narrow so as to be likely to require only one deponent each.***

The party wishing to take the Rule 30(b)(6) deposition will in good faith describe with reasonable particularity the categories for which the party is requesting examination. Within a reasonable period of time after receiving the notice, the party to be deposed will in good faith attempt to inform the discovering party if the party to be deposed believes that multiple witnesses will be necessary to respond to the requested categories of information and ***how the categories requested will be distributed across the 30(b)(6) depositions***.

Absent agreement by the Defendants, Plaintiff may apply to the Court to conduct further depositions only upon a showing of good cause and the specific identification of individuals sought to be deposed. The Court should expect the parties to utilize their best efforts to resolve these matters. However, in the event that the parties are unable to resolve them, the Court will be requested to expeditiously handle such requests to expedite discovery.

**2. Length of Direct Examination by Plaintiff.**

**{Plaintiff's Proposal}:** Examination by the party noticing the deposition of a present or former employee of Defendant shall be no more than seven (7) hours of actual examination, absent agreement or further order of the Court upon a showing of good cause. ***Should depositions be cross-noticed in multiple cases, the plaintiff's counsel shall be limited to seven (7) hours of cumulative actual examination time for any case in which it is involved in a representative capacity, not seven (7) hours for each case. The addition of any extra examination time for counsel other than the plaintiff's counsel, beyond the initial seven (7) hours, will have to be agreed upon in writing by Defendants.*** Moreover, the Court should

expect that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven (7) hours to complete shall be scheduled, to the extent possible, consistent with the witness's schedule, for sufficient consecutive days for completion.

**{Defendants' Proposal}:** Examination by the party noticing the deposition of a present or former employee of Defendant shall be no more than seven (7) hours of actual examination, absent agreement or further order of the Court upon a showing of good cause. ***Should depositions be cross-noticed in multiple cases, the plaintiffs shall collectively have seven (7) hours of actual examination time, not seven (7) hours each.*** Moreover, the Court should expect that if a deposition requires additional time, the parties will make a good faith effort to agree on an extension before coming to the Court for resolution. Direct examinations that are reasonably believed to require more than seven (7) hours to complete shall be scheduled, to the extent possible, consistent with the witness's schedule, for sufficient consecutive days for completion.

**3. Protocols for Fact Depositions by Defendants.**

**{Plaintiff's Proposal}:** Defendants shall be entitled to depose each Plaintiff, his/her healthcare provider(s), and any other person identified through Plaintiff's discovery or through collection of Plaintiff's records. Defendants shall be entitled to depose each Plaintiff for up to seven (7) hours of actual deposition time, absent agreement or further order of the Court upon a showing of good cause. Defendants shall be entitled to depose all other case specific fact witnesses for up to ***four (4) hours*** of actual deposition time, unless Defendants can show a need for additional time to conduct a particular non-party deposition.

**{Defendants' Proposal}:** Defendants shall be entitled to depose each Plaintiff, his/her healthcare provider(s), and any other person identified through Plaintiff's discovery or through collection of Plaintiff's records. Defendants shall be entitled to depose each Plaintiff for up to seven (7) hours of actual deposition time, absent agreement or further order of the Court upon a showing of good cause. Defendants shall be entitled to depose all other case specific fact witnesses for up to ***six (6) hours*** of actual deposition time, unless Defendants can show a need for additional time to conduct a particular non-party deposition.

**Statement Regarding Inadvertent Production of Privileged Materials:**

The inadvertent production by any Party in the course of discovery in these proceedings of a document subject to a claim of privilege, work product, or other statutory or court-ordered confidentiality, will not result in a waiver of any of the foregoing protections, whether in these or any other proceedings, for the produced document or any other withheld document covering the same or similar subject matter. If any Party should inadvertently produce a document, upon notice of such disclosure, all originals and copies thereof, shall be immediately returned to the producing Party, and such returned material shall be deleted from any litigation-support or other database. All notes or other work product reflecting the contents of such inadvertently disclosed Confidential Materials shall be destroyed and receiving counsel shall certify in writing to the producing party's counsel that any notes or other work product reflecting the inadvertently disclosed document's contents have been destroyed by counsel, the receiving party, and any experts or others in their employment.

Should the non-disclosing party contend that the inadvertent disclosure constitutes a waiver of privilege, and should the parties be unable to reach agreement on the matter, the non-disclosing party will in a timely fashion move the Court for an order compelling that the

document(s) in question be deemed produced. Until such motion is resolved, the moving party may suspend the steps set forth in the preceding paragraph, but will not otherwise use or distribute the document and will take prompt and reasonable steps to prevent any further use or distribution of the document from those to whom they have distributed it.

**<u>Proposed Schedule:</u>**

The parties have agreed to the following schedule:

| | |
|---|---|
| March 15, 2007: | R. 26(a)(1) initial disclosures |
| March 15, 2007: | Deadline to amend pleadings/add parties |
| August 6, 2007: | Defendants complete document production |
| March 3, 2008: | Plaintiff's Rule 26(a)(2) expert disclosures |
| April 7, 2008: | Defendants' Rule 26(a)(2) expert disclosures |
| April 21, 2008: | Deadline for completion of depositions of plaintiff's experts |
| May 19, 2008: | Deadline for completion of depositions of defendants' experts |
| May 19, 2008: | Close of discovery |
| June 27, 2008: | Dispositive motions deadline |
| August 2008: | *Daubert*/dispositive motions hearing(s) |
| October 2008: | Trial |

**<u>Trial Setting</u>**

The initial trial setting is greater than 8 months out from the filing date because all parties have recognized that the extent of discovery required and complexity of the issues is such that an earlier trial setting would not be a realistic prediction at this point in time.

**<u>Protective Orders:</u>**

A Protective Order will be needed to safeguard confidential information disclosed during discovery in this case; a proposed Order will be provided to the plaintiff for her review.

**<u>Applicability of Manual for Complex Litigation:</u>**

It does not appear at this time that this case should be made subject to the Manual for Complex Litigation.

**Settlement:**

The parties do not believe that settlement discussions at this stage in the litigation would be fruitful.

__\s John M. Kvartek______
John M. Kvartek
Clark Partington Hart Larry Bond & Stackhouse
One Pensacola Plaza, Suite 800
125 West Romana St.
Pensacola, FL 32502
850-434-9200

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

*Counsel for Defendants*

___\s Craig P. Niedenthal____________
Craig P. Niedenthal
Jon C. Conlin
Stephen Hunt, Jr.
Cory, Watson Crowder & DeGaris
2131 Magnolia Avenue
Birmingham, AL 35205
205-328-2200
205-324-7896 (fax)

Bradley S. Odom
Kievit, Odom & Barlow
635 West Garden Street
Pensacola, FL 32502
850-434-3527

*Counsel for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on February 5, 2007, a copy of the foregoing Joint Rule 26(f) Report was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system.

___\s Craig P. Niedenthal____________
Craig P. Niedenthal